Wytheville.

HARRISON, EXECUTOR V. COMMONWEALTH.

June 13, 1918.

1. TAXATION—*Omitted Taxes—Remission of Interest and Penalties.*—
Section 508 of the Code of 1904, as amended by the act of
March 22, 1916 (Acts 1916, chapter 491), provides that when
omitted intangible personal property, money and incomes are
voluntarily reported on oath to the examiner of records, on
or before August 1, 1916, on forms prescribed and such re-
ports are found correct, and the taxes thereon paid before
November 1, 1916, the taxes paid shall not be subject to in-
terest or penalty. To entitle a taxpayer to the benefits of the
provisions of this section, he must make it appear that he
voluntarily reported the omitted property on oath to the
examiner of records on or before August 1, 1916, on forms
provided by the Auditor, and that the report was found cor-
rect. In the case at bar, it was held that the applicant for
relief had not met these requirements, and had not made such
effort to report the omitted property as could be held tanta-
mount to a compliance with the statute.

2. TAXATION—*Omitted Taxes—Penalties and Interest.*—Under the
law (section 603, Code of 1904, as amended by Acts 1906, page
31), two obligations rest on the taxpayer, one is to see that
his property is properly assessed, and the other is to pay the
tax thereon by December 1st following, if he would escape the
penalty. If a taxpayer who makes a full and correct return of
his property to the commissioner of the revenue and fails to
pay the tax in time cannot escape the penalty, then *a fortiori*
a person or corporation subject to taxation who refuses or
fails to make a return should be subject to the same penalty
as one who made a return but failed to pay the taxes.

Error to a judgment of the Circuit Court of New Kent
county, on a motion for relief against interest and penal-
ties upon omitted taxes. Judgment for the Commonwealth.
Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*O'Flaherty, Fulton & Byrd,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General, O. L. Shewmake* and *J. Vaughan Gary,* for the Commonwealth.

KELLY, J., delivered the opinion of the court.

C. L. Harrison, executor of Julia W. Harrison, instituted this proceeding by motion for relief against interest and penalties upon certain omitted taxes assessed against the estate for the years 1903 to 1915, inclusive. The relief was denied by the circuit court, and the executor brings the case here for review.

No question is made as to the validity or amount of the taxes charged under the assessment, and the sole question presented for our decision is whether the evidence was sufficient to entitle the executor to exoneration from payment of the interest and penalties under the following provision of section 508 of the Code, as amended by an act of March 22, 1916:

"When omitted intangible personal property, money and incomes are voluntarily reported on oath to the examiner of records, on or before August first, nineteen hundred and sixteen, on forms prescribed by the Auditor of Public Accounts, and such reports are found correct and the tax thereon paid before November first, nineteen hundred and sixteen, or where said omitted property, money or incomes have already been assessed and shall have been paid before said date, then the taxes paid on such property, money or income shall not be subject to interest or penalty." Acts 1916, c. 491.

The terms of this statute are plain and simple. To en-

title a taxpayer, in a case of this kind, to the benefit of its provisions, he must make it appear that he voluntarily reported the omitted property on oath to the examiner of records on or before August 1, 1916, on forms provided by the Auditor, and that the report was found correct. We do not think the applicant has met these requirements.

Mrs. Julia W. Harrison, a resident of New Kent county, died February 23, 1916, leaving an estate consisting of money, stocks and bonds, which she disposed of by will. The executor qualified in March, 1916. Sometime prior to July first of that year, he was advised by counsel that he ought to make a report to the examiner of records (who, it may be noted, under section 3326-a of the Code is charged with the duty of reporting for current taxation property held by fiduciaries), and accordingly a correspondence was begun with the examiner, during the course of which his counsel wrote the latter as follows:

"Your letter of the twenty-second instant relative to omitted taxes on the estate of the late Julia W. Harrison received, and in reply beg to state that we are informed that Mrs. Harrison died February 26, 1916, and that there were no omitted taxes except on about $25,000 in money which she had in bank on February 1, 1916. All the estate which came into the executor's hands was transferred from New York, and since the death of Mrs. Harrison, and was, therefore, not taxable on or before February 1, 1916, in Virginia, and we understand that Mrs. Harrison had paid her income tax for previous years. The estate would, therefore, be assessable on $25,000 money in bank as of February 1, 1916.

"Write us if you desire any further information."

It is clear from this letter that the executor did not propose to return any property for taxation for the years prior to 1916. On July 30th or 31st, he went in person to the office of the examiner at Yorktown to confer with him

in regard to the taxes assessable against the estate. The testimony as to what took place at that time is conflicting, and we shall not attempt to review this or the other evidence in the case in full. The executor testified, in substance, that he sought the interview for the purpose of doing all that the law required him to do with reference to the taxes assessable against the estate; that he so informed the examiner, and asked for his advice and instructions on the subject. The testimony of the examiner, on the other hand, is to the effect, that he understood the executor to be inquiring only about the 1916 taxes, and accordingly advised him that inasmuch as the testatrix died after the first of February, 1916, the taxes for that year should be assessed by the commissioner of the revenue, without any action on the part of the examiner. The latter testimony is strongly corroborated by the terms of a letter of instructions which, at the request of the executor, the examiner at that time wrote and delivered to him, and which concluded with the following statement: "In my opinion, as Mrs. Harrison did not die until after the first of February, 1916, the time at which all taxes are presumed to be assessed, the tax on her estate existing at that time will be assessed against her by the commissioner of the revenue for your county for the year 1916."

The examiner further testified that the matter of the omitted taxes was mentioned at the interview at Yorktown, and that the executor said: He "did not know what Mrs. Harrison's property was for the omitted years, and could form no estimate of it." That the examiner is accurate in this narrative seems highly probable, because the executor's own testimony shows that, whether he made this alleged statement or not, it was a fact that he did not then have with him the necessary data and could not have made a report for the years prior to 1916, even if he had gone there for that purpose. As a matter of fact, he never did

furnish the report, and the examiner of records finally reported the omitted property to the local board of review upon information obtained from other sources.

It is not claimed, of course, in this case that the applicant for relief made a report of the omitted property in the form and within the time required by the statute; and upon a careful review of all of the evidence in the case, we are clearly of the opinion that he did not make any such effort to report the omitted property as could be held tantamount to a compliance with the statute.

The contention that the law makes no provision for penalties in this class of cases, but only for interest, is fully met by the opinion of this court delivered by Judge Cardwell in *Commonwealth* v. *United Cigarette Machine Co.*, 119 Va. 447, 476, 89 S. E. 935.

There was no error in the judgment complained of, and it is affirmed.

*Affirmed.*